IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ARTHUR JAMES GRIFFIN JR., | ) | 8:18CV316 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| STATE OF NEBRASKA, JAMES A. HERRICK, and ROBERT C. KEEN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Arthur James Griffin, Jr., a pretrial detainee at the Lancaster County Jail in Lincoln, Nebraska, filed his Complaint (Filing 1) on July 5, 2018, and was granted leave to proceed in forma pauperis on July 12, 2018 (Filing 10). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action seeking to recover damages from the State of Nebraska and two employees of the Family Thrift Center. Plaintiff claims he was falsely arrested and imprisoned, and is being maliciously prosecuted, for disturbing the peace on June 1, 2018.

II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Liberally construing Plaintiff's Complaint, he is claiming Defendants violated his Fourth Amendment rights.[1]

---

[1] A § 1983 plaintiff's claim that he was arrested or prosecuted without probable cause, even if labeled a claim of malicious prosecution, must be judged under the Fourth Amendment, not substantive due process. *Stewart v. Wagner*, 836 F.3d 978, 983 (8th Cir. 2016). However, the Eighth Circuit has declined to decide "the issue of

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.,* Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618-19 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995). Thus, Plaintiff's claims against the State of Nebraska must be dismissed.

Plaintiff's claims against the two Family Thrift Center employees fail to state a claim upon which relief may be granted under § 1983 because no facts are alleged to show that they acted under color of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49. The Family Thrift Center employees are not alleged to be clothed with such authority.

To state a claim against a private actor, a plaintiff must allege facts establishing "not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." Crawford v. Van Buren Cty., 678 F.3d 666, 670-71 (8th Cir. 2012) (quoting Dossett v. First State Bank, 399 F.3d 940, 951 (8th Cir.2005)). Plaintiff does not allege such a conspiracy.

Finally, Plaintiff has filed a Motion to Amend (Filing 14), based on unspecified "newly discovered evidence." This motion will be denied without prejudice.

IV. CONCLUSION

The State of Nebraska is immune from suit, and no claim is stated against the other named Defendants upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915(e) and 1915A. Out of an

---

whether or when malicious prosecution violates the Fourth Amendment." Harrington v. City of Council Bluffs, 678 F.3d 676, 680-81 (8th Cir. 2012).

abundance of caution, however, the court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1. The State of Nebraska is dismissed as a party Defendant.

2. Plaintiff has 30 days in which to file an Amended Complaint that states a claim upon which for relief can be granted against the other named Defendants.

3. Plaintiff's Motion to Amend (Filing 14) is denied without prejudice.

4. The clerk of the court is directed to set a pro se case management deadline in this case: September 4, 2018: check for amended complaint.

DATED this 2nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge